IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIAM ANTONIO AVERY**                                         **PETITIONER**

**VERSUS**                             **CIVIL ACTION NO. 4:13CV73 HTW-LRA**

**WARDEN JOHNNY DENMARK**                                   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

William Avery filed a petition for writ of habeas corpus relief. Respondent Warden Johnny Denmark filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Avery pled guilty on June 8, 2009, to the sale of cocaine within 1500 feet of a church.[1] He was sentenced by the Lauderdale County Circuit Court to 30 years in the custody of the Mississippi Department of Corrections, with 29 years and 359 days

---

[1] Prior to his underlying guilty plea, Avery pled guilty in the Circuit Court of Lauderdale County, Mississippi, to one count of possession of methamphetamine on May 20, 2003. On June 20, 2003, he was sentenced to 15 years in the custody of MDOC, with 5 years to serve, 5 years suspended, and 5 years of reporting probation under the supervision of the MDOC. Avery was subsequently released on parole in 2004, only to later have his parole revoked by order of the Lauderdale County Circuit Court in 2010. He was ordered to serve the remainder of his ten-year sentence for the possession of methamphetamine in the custody of the MDOC.

The Mississippi Court of Appeals affirmed the denial of the resulting state court motion for post-conviction relief as time barred in *Avery v. State*, 102 So.3d 1178 (Miss. Ct. App. 2012) *reh'g denied*, Sept. 18, 2012, *cert. denied,* Dec. 13, 2012. Avery has filed a petition for federal habeas conviction relief challenging his guilty plea to methamphetamine possession, which is currently pending in this court in *Avery v. State, et.al,* Civil Action No. 4:13CV24 -CWR-FKB.

suspended, and 5 years reporting post-release supervision under the supervision of the Mississippi Department of Corrections ("MDOC"), to be followed by 5 years of non-reporting post-release supervision.[2] The record reflects that Avery violated the terms of his post-release supervision a year later, and his sentence was revoked by the Lauderdale County Circuit Court on October 13, 2010. He was returned to MDOC custody to serve the remainder of his sentence. On March 31, 2011, he filed a state court motion for post-conviction relief challenging his underlying guilty plea, which was dismissed by Lauderdale County Circuit Court on July 8, 2011. The Mississippi Court of Appeals affirmed the denial of his motion for post-conviction relief in *Avery v. State*, 95 So.3d 765 (Miss. Ct. App. 2012) *reh'g denied* Dec. 4, 2012, *cert. denied* Mar. 7, 2013.[3]

On April 12, 2013, Avery filed the instant petition raising the following as grounds for habeas relief (as stated by Petitioner):

Ground One: Petitioner denied effective-assistance-of-counsel.

Ground Two: Petitioner denied fast, and speedy trial.

Ground Three: Counsel, [and]; prosecutorial-- misconduct that prejudiced Petitioner's plea.[4]

Significantly, Petitioner's claims relate to his original guilty plea and resulting conviction. He does not challenge his probation revocation in this habeas proceeding.

---

[2]ECF No. 11-2.

[3]ECF Nos. 11-3-11-6.

[4]ECF No. 1.

2

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)

3

(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. *See* Miss. Code. Ann. § 99-35-101. Avery's conviction therefore became final on June 8, 2009, the date his sentencing order for the sale of cocaine was entered by the trial court. To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before June 8, 2010. Because he did not file a motion for post-conviction relief challenging the underlying guilty plea prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from June 8, 2009, to June 8, 2010. Absent statutory or equitable tolling, his federal habeas petition filed on April 12, 2013, (signed on April 10, 2013) is untimely.

Avery denies that his petition is untimely. He asserts, *inter alia*, that AEDPA's one-year statute of limitations commenced running on October 13, 2010, the date his post-release supervision was revoked, and that it was subsequently tolled when he filed his motion for post-conviction relief on March 31, 2011. Because his state court motion for post-conviction relief was filed within six months of his parole being revoked, he contends that his petition is therefore timely.

Avery's claim is without merit. A plain reading of his petition, traverse, and responses to the motion to dismiss, reflect that the claims asserted therein challenge the

4

validity of his underlying guilty plea for selling cocaine, not the revocation of his post-release supervision. Accordingly, AEDPA's statute of limitations ran from the date of the original judgment in June 2009, not from the revocation of his post-release supervision in October 2010. *See Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (limitations runs from finality of underlying conviction unless the petition is challenging the parole revocation which constitutes a later predicate under § 2244(d)); *Alfiero v. Warren*, Civil Action No. 2:07CV14653, 2011 WL 4595806, at *1 (E.D. Mich. Oct. 4, 2011) ("For claims addressing the original conviction after the revocation for parole, the one-year statute of limitations begins to run when direct review of the original sentence ends, not from the date of the revocation of probation.") (citation omitted)).

To the extent Avery argues that his habeas petition should be considered timely because his motion for post-conviction relief was filed within the three-year time period permitted under state law, the argument is also without merit. Any prisoner who anticipates filing a federal habeas corpus petition must initiate his state post-conviction remedies within one year after his conviction becomes final in order to toll the AEDPA's statute of limitations. Although a petitioner may still proceed in state court because he has three years under the Mississippi Post-Conviction Relief Act to file a post-conviction motion, his right to file a federal habeas petition may only be exercised if AEDPA's one-year statute of limitations is met.

Avery has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *Holland*, 130 S.Ct. at 2562.  None of the exceptions set forth in § 2244 (d)(1) (B-D) are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, the undersigned finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and recommends that this case be dismissed with prejudice.  Because the Court so finds, it declines to address Respondent's argument in the alternative that Petitioner has also failed to exhaust his state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of January 2014.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE